1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C
## Plaintiff's Complaint

Electronically Filed by Superior Court of California, County of Orange, 11/03/2025 11:09:15 AM.
30-2025-01523722-CU-NP-NJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By J. Garay, Deputy Clerk.

1  Todd M. Friedman (216752)
   Law Offices of Todd M. Friedman, P.C.
2  23586 Calabasas Rd., Suite 105
3  Calabasas, CA 91302
   Phone: 323-306-4234
4  tfriedman@toddflaw.com
   Attorney for Plaintiff
5

6

7

8                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
                       **FOR THE COUNTY OF ORANGE**
9                         **UNLIMITED JURISDICTION**

10

11                                              )   CASE NO.: 30-2025-01523722-CU-NP-NJC
    THERESA HARRIS,                             )
12                                              )   COMPLAINT
                       Plaintiff,               )
13                                              )   1. Violation of Rosenthal Fair Debt
                                                )      Collection Practices Act
14  -vs-                                        )
                                                )
15                                              )   2. Violation of Fair Credit Reporting Act.
    NATIONAL CREDIT SYSTEMS, INC.;              )
16  EXPERIAN INFORMATION SOLUTIONS,             )   (Amount to Exceed $35,000)
    INC.; EQUIFAX INFORMATION SERVICES          )
17  LLC; TRANS UNION LLC,                       )
                                                )
18                                              )
                       Defendants
19

20                              **I. INTRODUCTION**

21          This is an action for damages brought by an individual consumer arising from Defendant

22  National Credit Systems, Inc.'s violations of the Rosenthal Fair Debt Collection Practices Act,

23  Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), which prohibits debt collectors from

24  engaging in abusive, deceptive, and unfair practices and for violations of the Fair Credit

25  Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), by Defendants Experian Information

26  Solutions, Inc., Equifax Information Services, LLC, and Trans Union LLC, which regulates the

27  collection, dissemination, and use of consumer credit information.

28

                              Complaint - 1

## II. PARTIES

1.      Plaintiff, Theresa Harris ("Plaintiff"), is a natural person residing in Orange County, California. Plaintiff is a "debtor" as defined by California Civil Code § 1788.2(h) and a "consumer" as defined by 15 U.S.C. § 1681a(c).

2.      Defendant, National Credit Systems, Inc. ("Defendant NCS"), is a company engaged, by use of mail, telephone, and credit reporting, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt" as defined by Cal. Civ. Code § 1788.2(f). Defendant regularly collects or attempts to collect debts alleged to be due another and is therefore a "debt collector" as defined by Cal. Civ. Code § 1788.2(c). Further, Defendant regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA.

3.      Defendants, Experian Information Solutions, Inc., Equifax Information Services, LLC, and TransUnion LLC (collectively, "CRA Defendants"), are companies engaged, by use of mail, telephone, and electronic communication, in the business of assembling and evaluating consumer credit information for the purpose of furnishing consumer credit reports, and are each "consumer reporting agencies" as defined by 15 U.S.C. § 1681a(f).

## III. FACTUAL ALLEGATIONS

4.      Plaintiff, Theresa Harris, entered into a housing agreement with The Harbour at Orange Coast College, located in Costa Mesa, California, for a lease term scheduled to begin on March 24, 2023. According to the lease ledger, Plaintiff's move-out date was August 1, 2023.

5.      Plaintiff did reside at The Harbour at OCC, where she experienced an illegal lockout and was charged additional unauthorized fees. Despite this, Plaintiff was assessed a balance of $4,717.99, consisting of multiple housing-related charges, including rent for June and

Complaint - 2

July 2023, valet trash service, late fees, lockout charges, non-sufficient funds (NSF) fees, and liability insurance. Many of these charges appear to have been automatically assessed in error.

6. The alleged balance was placed with Defendant NCS for collection. NCS then reported the account as a derogatory collection tradeline on Plaintiff's credit reports with CRA Defendants.

7. Plaintiff never owed the amount reported and did not reside at the property during the time charges were assessed. Plaintiff submitted formal disputes to the CRA Defendants pursuant to the Fair Credit Reporting Act ("FCRA"), providing documentation indicating that the debt was inaccurate and should not have been reported.

8. CRA Defendants failed to conduct a reasonable reinvestigation of Plaintiff's disputes and continued to report the NCS collection account as valid. In fact, the account was briefly removed from Plaintiff's credit file, but later reappeared—indicating that reinsertion procedures may not have been followed.

9. Defendant NCS, despite knowing or having reason to know that the debt was inaccurate, continued to furnish false information to the CRAs, including the assertion that Plaintiff owed a valid debt related to housing charges.

10. § 1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. § 1692d, and § 1692d(5).

11. NCS's actions violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") and Fair Debt Collection Practices Act ("FDCPA") by:

      a) Falsely representing the character, amount, or legal status of Plaintiff's debt (§ 1692e(2)(A));

b) Falsely representing to Plaintiff that services were rendered or that compensation may be lawfully received by Defendant for collection of Plaintiff's debt (§ 1692e(2)(B));

c) Communicating or threatening to communicate credit information which is known or which should be known to be false (§ 1692e(8));

d) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692(f)).

12.    Defendant NCS was aware, or should have been aware, that the CRA Defendants would disseminate the inaccurate and disputed collection account to lenders, creditors, insurers, and other third parties making decisions based on Plaintiff's creditworthiness.

13.    As a direct result of the inaccurate credit reporting, Plaintiff was denied access to housing opportunities. She was unable to secure safe housing and was forced to rent a room at an Extended Stay hotel in Norco, California. While staying there, her room was broken into, her online accounts were hacked, and she endured other civil rights violations. These incidents caused significant distress and would not have occurred if Plaintiff had been able to rent an apartment in a secure, familiar area.

14.    The inaccurate credit information has been, and continues to be, disseminated to various third parties and credit grantors, both known and unknown, resulting in ongoing harm to Plaintiff's reputation, credit profile, and financial opportunities.

15.    Plaintiff has been damaged, and continues to be damaged, in the following ways:

a) Severe emotional distress, anxiety, and mental anguish resulting from her housing instability and the incidents that occurred during her stay at Extended Stay Norco;

b) A decreased credit score, which has impaired Plaintiff's ability to obtain loans, secure financing, and qualify for favorable credit terms;

c) Out-of-pocket expense incurred in disputing the inaccurate reporting, including time, effort, and resources devoted to seeking correction of the false information.

16.    Upon information and belief, Defendant NCS failed to provide Plaintiff with notice of its intent to report negative credit information to the consumer reporting agencies, as required by 15 U.S.C. § 1681s-2(a)(7). Defendant NCS also failed to correct or remove the inaccurate and disputed tradeline within thirty days of receiving notice of Plaintiff's dispute, in violation of its obligations under 15 U.S.C. § 1681s-2(b).

17.    At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

18.    At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

19.    CRA Defendants violated sections 1681n and 1681o of the Fair Credit Reporting Act ("FCRA") by engaging in the following conduct:

a) Willfully and negligently failing to conduct a reasonable reinvestigation of Plaintiff's dispute, in violation of 15 U.S.C. § 1681i(a); and

b) Willfully and negligently failing to maintain reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information, in violation of 15 U.S.C. § 1681e(b).

20.    As a result of the above violations of the RFDCPA and FCRA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

Complaint - 5

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT
### (Against Defendant NCS Only)

21.    Plaintiff reincorporates by reference all of the preceding paragraphs.

22.    To the extent that Defendant's actions, alleged above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees,
    D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF THE FAIR CREDIT REPORTING ACT

### (Against CRA Defendants Only)

23.    Plaintiff reincorporates by reference all of the preceding paragraphs.

24.    To the extent that Defendant's actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    A.    Actual damages
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees; and,
    D.    For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 3rd day of November, 2025

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: *Todd M. Friedman*

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 7